Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001058
02-APR-2015
09:01 AM

NO. CAAP-12-0001058

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
VICTOR TROMBLEY, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-11-04664)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Victor Trombley, Jr. (Trombley) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on November 1, 2012 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

The District Court dismissed the charge against Trombley for Operating a Vehicle Under the Influence of an Intoxicant (OVUII), a violation of Hawaii Revised Statutes § 291E-61(a)(1) and/or (a)(3) (Supp. 2014), without prejudice.

On appeal, Trombley contends the District Court erred by dismissing the charge without prejudice without entry of any findings of fact or conclusions of law to justify its decision.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Trombley's point of error as follows:

---

[1]   The Honorable David W. Lo presided.

Trombley contends the District Court failed to enter findings of fact or conclusions of law after it dismissed the charge for a violation of Rule 48 of the Hawai'i Rules of Penal Procedure (HRPP). The State contends that the District Court did not dismiss the charge due to a HRPP Rule 48 violation but based the dismissal on the State's inability to proceed.

Based on our review of the record, we conclude that the District Court dismissed the charge due to a violation of HRPP Rule 48.

"[I]n determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion factors, but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision." State v. Hern, 133 Hawai'i 59, 64, 323 P.3d 1241, 1246 (App. 2013). "The trial court's explanation of its consideration of the Estencion factors and the basis for its decision will permit meaningful appellate review." Id. at 65, 323 P.3d at 1247. However, "Even if the trial court's findings are deficient, where the record is sufficient for the appellate court to make a determination of whether the trial court abused its discretion, the appellate court may elect, at its option, to resolve the appeal on the merits." Id.

The District Court did not articulate the Estencion factors or any other factors it considered when it dismissed the charge without prejudice. The record is not sufficient to determine whether the District Court abused its discretion by dismissing the charge without prejudice.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on November 1, 2012 in the District Court of the First Circuit, Honolulu

2

Division is vacated and the case is remanded for proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, April 2, 2015.

On the briefs:

Richard L. Holcomb,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3